sentence at the low end of that range that was recommended by the Government (72 months below the statutory minimum). Had the unenhanced range of 135 to 168 months been the benchmark, it is possible both that the Government would have recommended the low end of that range and that the district court, in compromise, might have selected a mid-range number between 135 and 168 months.

4. We leave to the discretion of the district court whether to resentence on remand. *See Akpan*, 407 F.3d at 377 n. 62. We clarify that, post-*Booker*, a sentencing judge remains entitled to find by a preponderance of the evidence all facts relevant to the determination of a Guideline sentencing range and all facts relevant to the determination of a non-Guidelines sentence. *United States v. Mares*, 402 F.3d 511, 519 (5th Cir.2005). The *Booker* error here lay in such judicial fact finding under a mandatory guidelines scheme. *Id.*

5. The *Booker* error in this case pertains only to the sentence imposed. Morales has raised no grounds on which his conviction may be overturned.

AFFIRMED AND REMANDED.

Barbara GASPARD; Donna Dugas, individually and on behalf of Baily Dugas; Kelly Dugas, individually and on behalf of Baily Dugas; Mark Dugas, Plaintiffs–Appellants,

v.

LIBERTY MUTUAL INSURANCE CO.; et al., Defendants,

Liberty Mutual Insurance Co.; Sears Roebuck & Co.; Schindler Elevator Corp., formerly known as Schindler Haughton Elevator Corp., Defendants–Appellees.

No. 05–30261.

United States Court of Appeals, Fifth Circuit.

Decided Dec. 20, 2005.

William Neville Gee, III, Law Offices of William N. Gee III, Lafayette, LA, for Plaintiffs–Appellants.

Christopher Joseph Aubert, Aubert & Pajares, Covington, LA, for Defendants–Appellees.

Before JONES, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM: *

The court has carefully reviewed this appeal in light of the briefs, oral arguments, and pertinent parts of the record. Having done so, we find no reversible error of law or fact and therefore *AFFIRM*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for essentially the reasons stated by the trial court.

**AFFIRMED.**

**Edward W. CASWELL; Barry W. James; Richard A. Temple, Sr.,** Plaintiffs–Appellants,

v.

**CITY OF MINDEN, Defendant–Appellee.**

No. 05–30043.

United States Court of Appeals, Fifth Circuit.

Decided Dec. 20, 2005.

Pamela R. Jones, Shreveport, LA, for Plaintiff–Appellant.

Bryce J. Denny, Douglas Lee Harville, Cook, Yancey, King & Galloway, Shreveport, LA, L. Charles Minifield, Minifiled & Harper, Minden, LA, for Defendant–Appellee.

Before JONES, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM: *

The court has carefully reviewed this appeal in light of the briefs, oral argu-

ments, and pertinent parts of the record. Having done so, we find no reversible error of law or fact and therefore *AFFIRM* for essentially the reasons stated by the trial court.

**AFFIRMED.**

**Lilia REYES–SANCHEZ, Petitioner,**

v.

**Alberto R. GONZALES, U.S. Attorney General, Respondent.**

No. 04–61006.
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Decided Dec. 21, 2005.

Daniel M. Kowalski, Austin, TX, for Petitioner.

David V. Bernal, Thomas Ward Hussey, Director, U.S. Department of Justice Office of Immigration Litigation, Caryl G. Thompson, U.S. Department of Justice, U.S. Immigration & Naturalization Service District Directors Office, Russell J.E. Verby, U.S. Department of Justice Department of Homeland Security, Washington, DC, Kenneth L. Pasquarell, Acting District Director, U.S. Immigration & Naturalization Service District Directors Office, San Antonio, TX, for Respondent.

John Ashcroft, pro se.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR. R. 47.5.4.